UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| vs. ) | No.   08 CR 38 |
| ) | |
| ANTHONY QUIRIN, ) | HON. RUBEN CASTILLO, |
| ) | JUDGE PRESIDING. |
| DEFENDANT. ) | |

**MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE
INCLUDING IMPEACHING INFORMATION**

The Defendant, ANTHONY QUIRIN, by and through his attorney, WILLIAM K. HEDRICK, moves, pursuant to Rule 16(a)(c) of the Federal Rules of Criminal Procedure and the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), for entry of an order directing the government forthwith to disclose all of the following within the possession, custody or control of the government, or the existence of which is known or by the exercise of due diligence could become known to the government:

The following requests for information are not limited to information memorialized in written form, but include information in any form, whether written, oral or recorded. Where the identity of persons is requested, name and last known address should be given, if known. Furthermore, the identity of persons is requested regardless of whether the government is in possession of a statement from said individual.

For purposes of this motion, Defendant includes in the term "witness" any person who may be called to testify by the government as well as any co-conspirator, co-schemer, or person

1

whose hearsay declarations the government will seek to introduce at trial. Under Rule 806 of the Federal Rules of Evidence, the credibility of non-testifying declarant may be attached by any evidence which would be admissible for those purposes if declarant had testified as a witness. Therefore, material going to the credibility of non-testifying hearsay declarant is relevant to the trial of this case.

1. **Criminal Records**

   Any and all records and information revealing prior felony convictions, guilty verdicts or juvenile adjudications attributed to each witness including but not limited to relevant "rap sheets".

2. **Other Misconduct or Bad Acts**

   (a) Any and all records and information, whether written, oral or contained in documents, regarding any misconduct or bad acts of or attributed to the witness, regardless of whether the witness admits the misconduct or bad acts.

   (b) Any an all agency investigative files of the FBI or any other federal or state agency, including but not limited to interviews, documents, tape recordings, and case reports, of any investigation of bribery, extortion, RICO, fraud corruption, or any other offense, for any person who will be a witness for the government.

3. **Immunity, Plea Agreements, and Other Benefits**

   (a) Any and all consideration or promises or consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration" Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to plea

        agreements, formal or informal, direct or indirect leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the government, any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture, payments of money, rewards or fees, witness fees and transportation, legal services or other benefits; placement in a "witness protection program"; informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as inducement to testify or to color testimony.

(b)    Copies of statements, if any, submitted by the government or intended for submission by the government to the pretrial services department or the probation department of the United States District Court on behalf of any witness who has been sentenced or who is presently awaiting sentencing.

**4.**     <u>**Inconsistent or Exculpatory Statements of Witnesses**</u>

(a)    Identify any and all occasions on which a witness made:

    i.    a statement inconsistent with any other statement made by that witness;
    ii.    a statement inconsistent with his predicated trial testimony;
    iii.    a statement that he had no knowledge of the crimes charged in the indictment;
    iv.    a statement that he was not involved in any criminal activity;
    v.    a statement that the Defendant was not involved in any criminal activity, including but not limited to the criminal activity charged in the indictment;
    vi.    a statement that any other Defendant or alleged co-conspirator or co-schemer was involved in criminal activity

                        including but not limited to the criminal activity charged in the indictment;

       vii.    a statement inconsistent with any other statement made by any other person or any other witness, irrespective of whether that person or witness will be called to testify by the government.

(b) As to each occasion above, identify and provide any notes, written statements, summaries of statements, or memoranda of such statements. Where no written record or evidence of such statement exists, identify the date, place and person present for the statement and set forth a summary of the statement.

**5.**    **Potential Prosecutions**

Any and all discussion in any context, coercive or non-coercive, or any threats or coercion, express or implied, direct or indirect, regarding criminal prosecutions, investigations or potential prosecutions pending or which could be brought against the witness whether made directly to the witness or to his attorney or representative; any probationary, parole deferred prosecution or custodial status of the witness; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent or perceived influence.

**6.**    **Personnel and Other Files**

Any and all personnel files for the witness; the existence and identity of all federal, state and local government files for the witness; the existence and identify of all internal affairs, internal investigation or public integrity investigation files concerning the witness; the existence and identity of any investigation of misconduct by an employer or other entity or person concerning the witness; the existence and identity of any complaints regarding misconduct by the witness.

7. **Alcoholism, Drug Use, Psychiatric History, Physical History**.

Any and all information, records or documents, whether oral or recorded, related to any witness or alleged co-conspirator or co-schemer regarding:

(a) physical symptoms, problems, examinations, treatment, and/or hospitalizations;

(b) mental, emotional, or behavioral problems, symptoms, treatment, or examinations, or hospitalizations, including but not limited to psychiatric or psychological disorders;

(c) alcoholism or use of alcohol, including but not limited to symptoms, examinations, treatment, or hospitalization for alcoholism, alcohol abuse, use of alcohol, or any alcohol-related disorder, whether physical, mental or behavioral;

(d) drug addiction or use of drugs, including but not limited to cocaine, marijuana, amphetamines, prescription or non-prescription drugs, heroin, including but not limited to use of symptoms or, examination for, treatment for, or hospitalization for use of abuse of such substances.

8. **Financial Records**

As to any witness who allegedly (1) paid money to Defendant or any other Defendant, co-conspirator, or co-schemer and/or (2) accepted money from any Defendant, co-conspirator or co-schemer.

9. **Exculpatory Statements of Other Persons**

Identify the name and last known address of any person who has any exculpatory information, including information that could be used to impeach the credibility of government witnesses, including but not limited to the following, and provide any written statement or memoranda of interview of that person, if such exists:

    (a)    any person who has denied having knowledge of any criminal activity on the part of Defendant and/or any other Defendant or alleged co-conspirator or co-schemer;

    (b)    any person who has attested to the honesty, good character and/or lack of involvement in criminal wrongdoing by Defendant;

**10.** **<u>Exculpatory Data or Other Information</u>**

Identify any data or information in any form, oral or written, which would be favorable to the Defendant or consistent with his innocence, inconsistent with the Defendant's guilt, or inconsistent with the testimony of any witness or impeaching of the credibility of any witness, including but not limited to the following:

    (a)    all reports, statements or data furnished by any government experts or experts hired by the government specifically in conjunction with this investigation which in any way might be exculpatory;

    (b)    the results of any eavesdropping or wiretapping which is arguably exculpatory in nature;

    (c)    any and all other records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or information;

    (d)    any evidence in the government's files suitable for impeaching any witness upon whose statements the government will rely under the provisions of Rule 801(d)(2)(c), (d) and (e), Fed. R. Evid.

In support of the instant motion, Defendant asserts that suppression of such material and relevant information will effectively deprive her of her ability to adequately prepare her defense, and the failure or refusal by the government to produce the foregoing materials

would constitute the deprivation to Defendant of due process of law and suppression of evidence favorable to the accused. Given the range of necessary information and the fact that such information is peculiarly within the possession of the government, Defendant urges this court to enter the order requested.

          Respectfully Submitted,

          _____
          WILLIAM K. HEDRICK

Prepared by:

William K. Hedrick, P.C.
750 West Northwest Highway
Arlington Heights, IL  60004
(847) 253-2099