UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 38 |
| | ) | Hon. Ruben Castillo |
| ANTHONY S. QUIRIN | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT'S PRE-TRIAL MOTIONS**

The UNITED STATES OF AMERICA, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits this consolidated response to defendant Anthony Quirin's pre-trial motions.

**BACKGROUND**

Defendant Anthony Quirin used the Internet and a peer-to-peer file-sharing program called Limewire to download child pornography images and videos. Defendant was charged by indictment with two counts of knowingly receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

On January 23, 2008, the government provided defense counsel with a Rule 16 and Local Rule 16.1 letter. *See* Ex. 1 (1/23/08 Ruder Ltr.). The government provided Rule 16 materials, and additional discovery beyond what is required by Rule 16, Local Rule 16.1, statutory, and constitutional requirements, the same day.

On February 7, 2008, the defendant filed seven pre-trial motions: (1) Motion for a Bill of Particulars; (2) Motion for Disclosure of Exculpatory Evidence Including Impeaching Information; (3) Motion to Discover Use of Electronic Devices; (4) Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence; (5) Defendant's Motion to Preserve Handwrit[ten] Notes

of Government Agents; (6) Motion for Leave to File Additional Motions; and (7) Case Specific Request for Discovery.  The government addresses each motion in turn:

**1.      Motion for a Bill of Particulars**

A bill of particulars is not necessary when the indictment "sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991).  An indictment satisfies this standard if it sets forth the elements of each offense charged, cites the statutes that are violated, and generally identifies the time and place of the defendant's conduct that allegedly violated the statute.  *Fassnacht*, 332 F.3d at 446.  This is true because a defendant has a constitutional right to know only the offenses with which he is charged, not "the details of how it will be proved."  *Kendall*, 665 F.2d at 135; *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997); *United States v. Balogun*, 971 F. Supp. 1215, 1227 (N.D. Ill. 1997).  Thus, a bill of particulars may not be used to require the government to reveal the details of how it will prove its case.  *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir.1991); *Balogun*, 971 F. Supp. at 1227.

In considering whether a bill of particulars is required to inform a defendant of the nature of the charges, a court should consider the clarity of the indictment, along with the degree of discovery available to the defense in the absence of such a bill.  *United States v. Roya*, 574 F.2d 386, 391 (7th Cir.1978).  As a general matter, an indictment is sufficient if it alleges the essential elements of the crime with which a defendant is charged in a manner that permits the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The indictment in this case not only sets forth the elements and cites the statutes being charged, but it also identifies the date when defendant received child pornography, the place where he received child pornography, and the specific file titles of the videos he received. As to the possession count, the indictment further specifies the date and place where defendant possessed child pornography, and the specific computer and hard drive – down to the serial numbers – where defendant kept such contraband. Supplementing this information in the indictment are the discovery materials the government provided, including FBI reports detailing the government's investigation and the specific methods that this defendant used to obtain child pornography on his computer. A bill of particulars is therefore unnecessary, and defendant's motion for greater specificity should be denied.

In addition, as part of defendant's bill-of-particulars motion, he requests that the government provide the name and address of every witness the government intends to call at trial. The government agrees to provide a list of the names of trial witnesses for its case-in-chief one week before trial, or according to whatever schedule the Court deems reasonable. The government does not believe it should be required to provide addresses for any witness. As to defendant's request for information about charges or convictions against any potential government witness, the government is aware of its obligations under *Giglio*, and will comply with those obligations.

**2.     Motion for Disclosure of Exculpatory Evidence Including Impeaching Information**

Defendant moves that the Court require the government's disclosure "forthwith" of exculpatory evidence and impeaching information, citing *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The government understands that it has a continuing obligation under *Brady* and *Giglio*, and should any such evidence arise, the government

will disclose it.  *See United States v. Butler*, No. 93 CR 720, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994) (district courts in this Circuit "have repeatedly held that where the government has made assurances it will comply with *Brady* and *Giglio*, those assurances are sufficient").  The government's disclosure obligation is limited, however, to *material* evidence.  *See United States v. Bagley*, 473 U.S. 667, 682 (1985) (only material evidence must be disclosed; evidence is material if there is a reasonable probability that it would change the result).  To the extent that defendant seeks disclosure of immaterial information or evidence, the government objects.

**3.      Motion to Discover Use of Electronic Devices**

Defendant asks the Court to require the government to "ascertain and report [to] the court whether any electronic eavesdropping or recording device was utilized in the investigation of this case," and to permit the defendant to review the results of any such use of electronic devices.  Rule 16 already requires the government to produce any relevant written *or recorded* statement by the defendant.  The government has complied with Rule 16 and its constitutional obligations, and will continue to comply.  There is no need for any further order.

**4.      Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence**

As set forth in the government's January 28, 2008, letter to defense counsel (*see* Ex. 1), the government has already agreed to provide notice at least one week before trial of any evidence that it intends to offer under Rule of Evidence 404(b) in its case-in-chief.  If the Court sets a different pre-trial schedule, the government will provide notice under that schedule.  The government does not believe it is required to give such notice as to evidence it may use in cross-examination of a defendant or in its rebuttal case, as defendant requests.

5.      **Defendant's Motion to Preserve Handwriting Notes of Government Agents**

The government already committed in its January 28, 2008, letter "to preserve the written notes of government agents." Ex. 1 at 2. Thus, there is no need for a court order on this issue.

6.      **Motion for Leave to File Additional Motions**

The government does not object to the defendant's filing appropriate and timely motions.

7.      **Case Specific Request for Discovery**

Defendant requests discovery concerning the identities of the people who produced and distributed child pornography in defendant's possession; the identities and ages of the children depicted in the images and videos; the number of images alleged; and whether the defendant engaged in distribution of the child pornography. The government has already produced reports documenting the FBI's review of defendant's computer (including its calculations of the number of child pornography images and videos on defendant's computer) and information identifying various of the children depicted in the images and videos on defendant's computer. The government has also produced reports describing defendant's distribution of child pornography. Having more than satisfied its obligations under Rule 16, and having committed to produce further material information if located, there is no need for an order commanding the government to provide additional discovery.

\* \* \* \* \*

In conclusion, the government respectfully requests that this Court deny the defendant's motions in part as discussed above.

Dated: February 11, 2008  Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Julie B. Ruder
JULIE B. RUDER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1317

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

Government's Consolidated Response to Defendant's Pre-Trial Motions

was served on February 11, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                        s/ Julie B. Ruder
                                        JULIE B. RUDER
                                        Assistant United States Attorney
                                        219 South Dearborn Street
                                        Chicago, Illinois
                                        (312) 886-1317