HHN

FILED
7-31-2008
JUL 31 2008
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 38 |
| vs. | ) | Judge Ruben Castillo |
| | ) | |
| ANTHONY S. QUIRIN | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant ANTHONY S. QUIRIN, and his attorney, WILLIAM K. HEDRICK, P.C., is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with knowing receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A) (Counts 1-2), and knowing possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Count 3).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count Three of the indictment. Count Three charges defendant with knowingly possessing child pornography images and videos, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count Three of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline §1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about August 24, 2007, at Elgin, Illinois, in the Northern District of Illinois, Eastern Division, defendant knowingly possessed material, namely, a Dell Dimension computer, serial number CVYJF91, containing a Seagate Barracuda hard drive, serial number 5MT3PXN0, that contained video and still images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), such images having been shipped and transported in interstate commerce by any means, including by computer, and such images having been produced using materials that had been shipped and transported in interstate and

foreign commerce by any means, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Specifically, defendant used the Internet and certain file-sharing programs, including Limewire and BitTorrent, to search for, download, and view child pornography images and videos on his computer. Defendant used search terms such as "lolita" and "nymphets" in order to locate child pornography on the Internet. By becoming familiar with child pornography on the Internet, defendant learned of a child pornography series featuring a prepubescent girl referred to as "Vicky." Defendant further learned that "Vicky" child pornography videos were available on Limewire. On or about July 6, 2007, defendant downloaded the Limewire software onto his computer, and searched for "Vicky" in order to find child pornography videos. Defendant found, downloaded, and watched child pornography videos with "Vicky" in the title, including the video file titled, "pedofilia part4 – Vicky anal Defloration.mpg." Defendant kept this child pornography video, and other child pornography videos and images, on his computer, which was a Dell Dimension computer, serial number CVYJF91, containing a Seagate Barracuda hard drive, serial number 5MT3PXN0. As of August 2007, defendant had approximately 16 child pornography videos and over 1,200 still images of child pornography on his computer. The girl referred to as "Vicky," and numerous other children depicted in the child pornography images and videos he downloaded, are actual children who were being exploited and/or molested.

## Maximum Statutory Penalties

7.   Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

   a.   A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

   b.   In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8.   Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.   For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

   a.   **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding

the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

    b. **Offense Level Calculations.**

        i. The base offense level for the charge in Count Three of the indictment is 18, pursuant to Guideline § 2G2.2(a)(1);

        ii. There is a two-level increase in the offense level under Guideline § 2G2.2(b)(2), because the material involved prepubescent minors;

        iii. The government's position is that there is a two-level increase in the offense level under Guideline § 2G2.2(b)(3)(F), because defendant distributed child pornography material via file-sharing programs. Defendant reserves the right to contest applicability of this enhancement;

        iv. There is a four-level increase in the offense level under Guideline § 2G2.2(b)(4), because the material portrays sadistic and masochistic conduct, and other depictions of violence;

        v. There is a two-level increase in the offense level under Guideline § 2G2.2(b)(6), because the offense involved the use of a computer and an interactive computer service for the possession, transmission, receipt, and distribution of child pornography; and

        vi. There is a five-level increase in the offense level under Guideline § 2G2.2(b)(7)(D), because the offense involved more than 600 images of child pornography.

vii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

viii. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 30, which, when combined with the anticipated criminal history category of I, results in an anticipated

advisory Sentencing Guidelines range of 97 to 121 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

    e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

    f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to this defendant.

## Forfeiture

14. The indictment charges that defendant has subjected certain personal property to forfeiture, namely seized personal computers including hard and zip drives, seized peripheral connecting cables and equipment, seized computer disks, including compact disks, floppy disks, CD-Rom disks, and zip disks, and seized images, because that property was

used or intended to be used to commit and to promote the commission of the violations alleged in the indictment, including Count Three. By entry of a guilty plea to Count Three of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

15. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described property and further agrees to the seizure of the property so that this property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture.

16. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

17. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

19.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

20.     The parties acknowledge that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised

release that defendant report the address where defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and that the defendant register as a sex offender in any State where he resides, is employed, carries on a vocation, or is a student.

21.   Defendant agrees to participate in psychological counseling as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

22.   This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 38.

23.   This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

24. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree

unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

  iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

  v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

  vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

  vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  b. **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section

1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation, nor does it apply to a request by defendant pursuant to Sentencing Guideline §1B1.10 and 18 U.S.C. § 3582(c) for a reduction of sentence as a result of an amendment to the Sentencing Guidelines applicable to defendant and expressly made retroactive by the United States Sentencing Commission.

  c.  Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

25. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

26. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

29. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

30. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: July 31, 2008

_____  
PATRICK J. FITZGERALD  
United States Attorney

_____  
ANTHONY S. QUIRIN  
Defendant

_____  
JULIE B. RUDER  
Assistant U.S. Attorney

_____  
WILLIAM K. HEDRICK, P.C.  
Attorney for Defendant